# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| KENNY A. JONES, SR., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:10-CV-402-TLS-PRC |
| | ) | |
| CITY OF ELKHART, *et al.*, | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Plaintiff's Verified Response to Defendants [sic] Motion to Quash Subpoena [DE 44], filed by Plaintiff on April 20, 2012, and a Defendants' Motion for Enlargement of Time to Respond to Plaintiff's Discovery Requests [DE 46], filed by Defendants on April 23, 2012.

## BACKGROUND

On October 8, 2012, Plaintiff filed a Complaint alleging that the Defendants unlawfully stopped, seized, and imprisoned Plaintiff in violation of numerous statutes and the United States Constitution.

On January 6, 2011, the Court held a Rule 16(b) Scheduling Conference and set a discovery deadline of October 14, 2011. On motions from the parties, the discovery deadline was extended several times, with the final deadline expiring on March 31, 2012.

On April 6, 2012, Defendants filed a Motion to Quash Subpoena requesting that the Court quash a subpoena for inspection of documents. The Court granted the Motion on April 19, 2012. On April 20, 2012, Plaintiff filed the instant Motion requesting that the Court reconsider its Order of April 19, 2012, granting the Motion to Quash. The Court ordered Defendants to file a response to the Motion to Reconsider on or before May 7, 2012, and Plaintiff to file a reply, if any, on or

before May 14, 2012. Neither a response nor a reply has been filed.

On April 23, 2012, Defendants filed the instant Motion for Enlargement of Time. Plaintiff filed a response on April 24, 2012. No reply has been filed and the time to do so has passed.

## ANALYSIS

### A.  Enlargement of Time

Discovery closed on March 31, 2012. No motion to extend the discovery deadline has been filed by either party, but Defendants have now filed a motion for extension of time to respond to Plaintiff's discovery requests.

Plaintiff served counsel for Defendants with the relevant interrogatories on March 4, 2012, and requests for production on March 29, 2012, two days before the close of discovery. The responses to the interrogatories were due on April 5, 2012, after the close of discovery, although the parties informally agreed to an extension of time until April 23, 2012, for Defendants to respond. Defendants also requested an informal extension of the April 30, 2012, deadline for responses to the discovery requests, but Plaintiff would not agree. Defendants now request that the Court extend the deadline for responses to the interrogatories and discovery requests because of the volume of material involved in the requests.

Under Federal Rule of Civil Procedure 6, "[w]hen an act may or must be done within a specified time, *the court may*, for good cause, extend the time . . before the original time or its extension expires[] or on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1) (emphasis added). To determine whether the neglect was excusable, the Court must "tak[e] into consideration all relevant circumstances including the danger of prejudice to the non-moving party, the length of the delay and its potential impact on

2

judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005) (quotations and citations omitted). The Rule does not provide for the parties to extend deadlines on their own, although the Local Rules do provide for a single initial extension of 28 days or fewer upon the agreement of the parties and the filing of a notice of extension with the Court. N.D. Ind. L.R. 6-1(b). As multiple extensions of time had already been granted in this case, the parties could not extend the discovery deadline without a motion, and no motion to extend the discovery deadline has been filed in this case since December, 2011. Accordingly, the discovery deadline expired on March 31, 2012. Plaintiff should not have filed any request for production or interrogatories that did not allow sufficient time for responses before that deadline, nor should he have noticed any subpoenas for any time after that date without receiving an extension of the deadline.

In this case, Defendants request only a modest enlargement of time within which to respond to Plaintiff's late-filed discovery requests. Although the Court declines to recognize the extension agreed to by the parties without notice to the Court, because the Defendants did file the instant Motion before the expiration of what they believed to be the deadline, the Court will not conclude that Defendants acted in bad faith. There is no apparent prejudice to Plaintiff, as the requested extension is brief and he did not provide sufficient time for responses to be made before the discovery deadline. The Court concludes that the delay was not entirely within the reasonable control of the movant, since the timing of the response and the magnitude of the request were in the control of Plaintiff. Accordingly, the Court grants the requested enlargement of time, making Defendants' responses to Plaintiff's interrogatories and requests for production due to Plaintiff on

3

May 7, 2012. The Court does not extend any other deadlines or due dates in this case, including the discovery deadline, which expired on March 31, 2012.

**B.      Motion to Reconsider**

Plaintiff requests that the Court reconsider its order of April 19, 2012, granting Defendants' Motion to Quash Subpoena.

The Seventh Circuit has cautioned that "motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Resource Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quotation omitted); *see also Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (A motion to reconsider is proper only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare."); *In re Oil Spill by "Amoco Cadiz"*, 794 F. Supp. 261, 267 (N.D. Ill. 1992) ("Motions to reconsider are not at the disposal of parties who want to 'rehash' old arguments."); *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988) (same). Accordingly, a motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269-70 (7th Cir. 1996).

In his Motion, Plaintiff argues that the Defendants' Motion to Quash was untimely and that

4

they did not file a Motion for Protective Order or seek conference with the Court before filing the Motion to Quash. The Defendants' Motion to Quash was filed one business day before the subpoena return date.

Federal Rule of Civil Procedure 45 provides that "[o]n timely motion, the issuing court must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A). The Rule does not describe what makes a motion timely. Although the Court recognizes that the Motion was not filed well in advance of the return date, the Court also notes that Defendants were attempting to resolve the dispute without the Court's involvement and only filed the Motion with the Court after Plaintiff refused to discuss any other dates for the subpoena. As described in the Court's Order granting the Motion to Quash, the Local Rules emphasize the importance of counsel "conferr[ing] in good faith or attempt[ing] to confer with other affected parties in order to resolve the [discovery] matter . . . without court action." N.D. Ind. L.R. 37-1(a). The email record attached by Defendants to their Motion to Quash indicated that counsel for Defendants was attempting to resolve the discovery dispute with counsel for Plaintiff, in accordance with the local Rules, and filed the Motion as soon as it was obvious that the attorneys would not be able to reach a resolution on their own. Therefore, the Court will not find that the Motion to Quash was untimely.

Plaintiff also argues, without citations or argument beyond bare assertions, that a Motion for Protective Order or other Motion requesting assistance from the Court should have been filed before a Motion to Quash. Federal Rule of Civil Procedure 26 provides that "[a] party or any person from whom discovery is sought *may* move for a protective order in the court where the action is pending," Fed. R. Civ. P. 26(c)(1) (emphasis added), but does not require it as a precondition to a Motion to

5

Quash. Motions for Protective Order are directed generally to discovery and deposition testimony, but, as described above, a Motion to Quash is the appropriate vehicle for modification of a subpoena under Rule 45. It is not apparent to the Court why Plaintiff is arguing that the filing of a Motion to Quash was an inappropriate action or why some other, differently-titled Motion would have been a superior method in this case.

Nothing in the Plaintiff's Motion to Reconsider directly addresses the reasons the Court gave for granting the Motion to Quash: that

> [t]hree weeks after being advised that the proposed dates were unduly burdensome for Defendant Elkhart PD and its counsel, and without proposing any new dates or otherwise attempting in good faith to obtain a mutually agreeable time for inspection of documents, counsel for Plaintiff served the instant subpoena on Defendant Elkhart PD without notice to its counsel. The Court concludes that this action was not in compliance with the requirements of the Federal and Local Rules, and will therefore quash the subpoena.

Court's Order of April 19, 2012, at [DE 43]. Plaintiff has not pointed out any manifest errors of law or fact or presented any new evidence. Accordingly, the Motion for Reconsideration is denied.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** the Defendants' Motion for Enlargement of Time to Respond to Plaintiff's Discovery Requests [DE 46] and **ORDERS** that Defendants shall have an extension of time through **May 7, 2012**, within which to respond to Plaintiff's discovery requests. The Court **DENIES** the Plaintiff's Verified Response to Defendants [sic] Motion to Quash Subpoena [DE 44].

SO ORDERED this 15th day of May, 2012.

    s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record