UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| KENNY A. JONES, SR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:10-CV-402-TLS |
| | ) | |
| CITY OF ELKHART, et al., | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Verified Motion to Reconsider Magistrate's Entry Granting Motion to Quash Subpoena and Grant Enlargement of Time to Respond to Plaintiff's Discovery [ECF No. 59], filed on May 31, 2012.

**BACKGROUND**

The Plaintiff, Kenny A. Jones, Sr., has sued the City of Elkhart and several officers of the City of Elkhart Police Department, alleging violations of his Fourth and Fourteenth Amendment rights. On January 16, 2012, the Defendants moved for summary judgment on all of the Plaintiff's claims. The Plaintiff did not file a response to the Motion for Summary Judgment but, on February 1, filed a Verified Motion for Order Compelling Discovery and Disclosure, which he subsequently supplemented and amended. On April 26, the Defendants filed a Motion to Quash Subpoena, directed at a subpoena the Plaintiff served on March 26 for copies of all annual statistical summaries of complaints prepared by Internal Affairs Officer, Elkhart Police Department, for the years 2002 to 2011. On April 19, the Magistrate Judge denied the Motion to Compel and granted the Motion to Quash Subpoena. On April 20, the Plaintiff filed a Response to Defendants' Motion to Quash Subpoena. Because the Magistrate Judge had already granted the Motion to Quash, he construed the Plaintiff's Response as a request for the Court to

reconsider its Order of April 19 granting the Motion to Quash. Using the standards applicable to motions for reconsideration, the Magistrate Judge issued an Opinion and Order that resulted in no modification of the court's earlier ruling on the Motion to Quash. (May 15, 2012, Order, ECF No. 52.)

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 72(a), a party may serve and file objections to a magistrate judge's order pertaining to a non-dispositive pretrial matter within 14 days after being served with a copy of the order. Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A) (providing for reconsideration by district court judge of any pretrial matter designated to a magistrate "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"). Rule 72(a) grants magistrate judges great latitude in resolving non-dispositive matters, like the one at issue here. "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). "Under the 'contrary to law' standard, the district court conducts a plenary review of the magistrate judge's purely legal determinations, setting aside the magistrate judge's order only if it applied an incorrect legal standard," *Jensen v. Solvay Chem., Inc.*, 520 F. Supp. 2d 1349, 1351 (D. Wyo. 2007), or if it "misapplie[d] relevant statutes, case law, or rules of procedure," *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y.2006) (quoting *Catskill Dev., L.L.C. v. Park Place*

*Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)).

In his Motion to Reconsider, the Plaintiff argues that it was prejudicial for the Magistrate Judge to rule on the Motion to Quash without the benefit of the Plaintiff's response, which was not yet due under the local rules, and that the Magistrate Judge improperly applied a Rule 59(e) standard to his Response. A review of the Magistrate Judge's May 15 Order convinces this Court that, despite having entered a premature order on the Motion to Quash, the Magistrate Judge gave full consideration to the Plaintiff's arguments in opposition to the Motion to Quash, and that the outcome was not clearly erroneous or contrary to law. The Magistrate Judge noted the Plaintiff's arguments that the Motion to Quash was untimely and the Defendants did not file a motion for protective order or seek a conference with the Court before filing the Motion to Quash. The Magistrate Judge then fully considered each of these argument and found them to be without merit. The Plaintiff does not point to any error in these findings—he only argues that they should have been considered before the court ruled on the Motion to Quash. Additionally, the Magistrate Judge reasoned that "[n]othing in the Plaintiff's Motion to Reconsider directly addresses the reasons the Court gave for granting the Motion to Quash." (May 15, 2012, Order 6.) Specifically, the Magistrate Judge reiterated that the Plaintiff served the subpoena on Defendant Elkhart Police Department "[t]hree weeks after being advised that the proposed dates were unduly burdensome for Defendant Elkhart PD and its counsel, and without proposing any new dates or otherwise attempting in good faith to obtain a mutually agreeable time for inspection of documents." (*Id.* (citing Apr. 19, 2012, Order, ECF No. 43).) The Magistrate Judge concluded that this action was not in compliance with the requirements of the Federal and Local Rules, and quashed the subpoena on that basis. The Plaintiff does not propose how any argument

3

that he presented in his Response in opposition to the Motion to Quash would have altered this outcome had it been duly considered before the court entered its first order granting the Motion to Quash. Thus, while the Magistrate Judge issued his Order prematurely, the Plaintiff has not established that there is any part of his ruling that should be modified or set aside as clearly erroneous or contrary to law.

## CONCLUSION

For the reasons stated above, the Court DENIES the Verified Motion to Reconsider [ECF No. 59].

SO ORDERED on June 27, 2012.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION