UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KENNY A. JONES, SR., <br>     Plaintiff, <br><br> v. <br><br> CITY OF ELKHART, et al., <br>     Defendants. | CAUSE NO.: 2:10-CV-402-TLS |

**OPINION AND ORDER**

This matter is before the Court on the Defendants' Motion to Strike Plaintiff's Materials Filed in Response to Defendants' Motion for Summary Judgment or, in the Alternative, For Extension of Time to File Reply [ECF No. 74], filed on August 20, 2012. The Defendants move to strike the materials filed by the Plaintiff in response to their Motion for Summary Judgment, noting that the Plaintiff did not file any exhibits until after the deadline to respond expired, that the Plaintiff manually filed three DVDs that he did nor provide to the Defendants, that he did not file a brief responding to the Defendants' legal authority or arguments, and that the submission titled Plaintiff's Statement of Genuine Issues of Material Facts in Opposition to Defendants Motion for Summary Judgment is replete with argument of counsel and statements without reference to the record. The Defendants argue that the Plaintiff has wholly failed to comply with this district's local rules regarding the submission of summary judgment materials, that the Defendants are unable to adequately reply to the intermingled facts and argument, and that the Plaintiff's submissions should be stricken.

The standards applicable to summary judgment are well established. Summary judgment is the moment in litigation where the non-moving party is required to marshal and present the court with evidence on which a reasonable jury could rely to find in his favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A district court should deny a motion for

summary judgment only when the non-moving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (citing *United States v. 5443 Suffield Terrace*, 607 F.3d 504, 510 (7th Cir. 2010); *Swearnigen–El v. Cook County Sheriff's Dep't*, 602 F.3d 852, 859 (7th Cir. 2010)). Material facts are those that are outcome determinative under the applicable law. *Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). "Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute." *Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008). Additionally, a court is not "obliged to research and construct legal arguments for parties, especially when they are represented by counsel." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011).

The Defendants complain that the Plaintiff has failed to address any of their legal arguments, and thus they cannot adequately reply. But the Defendants are aware of the applicable law, and thus the outcome determinative facts, even without the benefit of any legal analysis by the Plaintiff. The lack of a response does not hamper the Defendants' ability to show whether the Plaintiff's submissions marshal enough relevant evidence to permit a reasonable jury to find in his favor. Moreover, the Defendant can distinguish between facts and arguments, and can also determine whether an assertion of fact has been properly supported. Rule 56 contemplates that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3). For its part, the Court can determine whether the movant is entitled to summary judgment without the benefit of a brief from the Plaintiff, as it is

2

sometimes required to do.

Accordingly, the Court is not inclined to strike the Plaintiff's submissions, even though they are deficient and include materials submitted past the established deadline, but assures the parties that the rules applicable to determining the outcome of the summary judgment motion will apply to this Court's consideration of those submissions, as well as to the Defendants.' However, the Court does find that the Defendants are entitled to copies of the DVDs that the Plaintiff filed manually.

For the reasons set forth above, the Court DENIES IN PART and GRANTS IN PART the Defendants' Motion to Strike Plaintiff's Materials Filed in Response to Defendants' Motion for Summary Judgment or, in the Alternative, For Extension of Time to File Reply [ECF No. 74]. The Plaintiff is ORDERED to provide, within fourteen days from the date of this Order, copies of the DVDs that the Plaintiff filed as evidence in this cause, and the Defendants are GRANTED thirty days from receipt of the DVDs to file a reply.

SO ORDERED on August 28, 2012.

                                                s/ Theresa L. Springmann
                                                THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT
                                                FORT WAYNE DIVISION